# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re**

GARY S. KAHL,

**Debtor.**

**Bankruptcy Case
No. 07-01739-JDP**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    Sarah B. Bowers, Martelle Law Offices, Eagle, Idaho, Attorney for Debtor.

    Jeremy J. Gugino, Boise, Idaho, Chapter 7 Trustee.

    On April 30, 2008, Debtor Gary S. Kahl filed his motion to convert this chapter 7 bankruptcy case to a case under chapter 13.[1]  Docket No. 27. The chapter 7 trustee serving in the case, Jeremy Gugino ("Trustee"),

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. § 101 - 1532.

MEMORANDUM OF DECISION - 1

objected to the proposed conversion.  Docket No. 28.  Trustee argued that Debtor had failed to disclose important information in his schedules filed in the case, that Trustee had discovered the existence of a car and possible avoidable transfers, and that Debtor's conversion to chapter 13 was a bad faith attempt to thwart Trustee's efforts to recover these assets for creditors.  *Id.*  As a result, Trustee urged that the Court deny Debtor's motion, relying upon the Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, __ U.S. __, 127 S.Ct. 1105 (2007).

On June 3, 2008, the Court conducted a hearing concerning Debtor's motion and Trustee's objection.  After considering the testimony of Debtor and other evidence, the Court directed Debtor to file amended, accurate schedules, and a proposed chapter 13 plan, and took the issues under advisement.  Debtor filed the amended schedules and plan on June 11, 2008.  Docket Nos. 32-34.[2]

While it is a close question, after considering the evidence,

---

[2] The Court also authorized Trustee to submit additional arguments after the amended schedules and plan were filed by Debtor; no additional comments by Trustee have been filed.

MEMORANDUM OF DECISION - 2

testimony, and applicable law, in the exercise of its discretion,[3] the Court is persuaded that Debtor's motion should be granted, and this case should proceed under chapter 13.

The Court has considered the totality of the circumstances in arriving at its decision to grant Debtor's motion. *See Marrama*, 127 S.Ct. at 1111-12. However, of paramount importance in this analysis is Debtor's proposed plan to pay his creditors 60 monthly payments of $574.00. As the Court understands the proposed plan, Docket No. 34, all of these funds will be available to service administrative expenses and unsecured creditors' claims. This is a significant commitment, based upon Debtor's budget, and would constitute a substantial return to Debtor's creditors. While a final decision whether the plan should be confirmed must await a confirmation hearing in the chapter 13 case, it would seem that this sum

---

[3] *See Marrama*, 127 S.Ct. at 1112 (bankruptcy court has discretion to deny a debtor's motion to convert under § 706(a) if the court finds that the debtor is attempting to convert in bad faith); *see also, Pioneer Liquidating Corp. v. United States Trustee (In re Consol. Pioneer Mortgage Entities)*, 264 F.3d 803, 806 (9th Cir. 2001) (whether to allow conversion of a case is committed to bankruptcy court's discretion).

MEMORANDUM OF DECISION - 3

likely exceeds the amount Trustee would be able to generate to distribute to unsecured creditors in the chapter 7 case.

Moreover, in order to obtain a fresh start, Debtor needs a car. The value of the vehicle Debtor will retain via the chapter 13 plan is fairly modest when compared to the total amounts to be paid to his creditors under the plan. Confirmation of a plan will also obviate the expense and delay inherent in Trustee's pursuit of several avoidance actions seeking recovery of relatively small amounts.

While Debtor's disclosure of his assets, debts, and financial affairs in his schedules was less than complete, the Court is not persuaded, on balance, that Debtor engaged in deception or bad faith. While Trustee's objection raises valid criticisms of Debtor's approach to disclosure, the motion to convert will be granted, and Debtor will have an opportunity to obtain approval of a chapter 13 plan. Trustee and other interested parties may raise any appropriate objections to that plan at confirmation. If Debtor's plan is not confirmed, the case can be reconverted to chapter 7.

MEMORANDUM OF DECISION - 4

A separate order will be entered.[4]

Dated: July 24, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[4] This Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052, 9014.

MEMORANDUM OF DECISION - 5